Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JSU

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 6710 | DATE | 2/6/2004 |
| CASE TITLE | US vs. Edward Gorniak (01 CR 29-3) | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Gorniak's petition for relief pursuant to 28 U.S.C. § 2255 is denied. All matters in controversy having been resolved, final judgment is entered in favor of the United States of America and against Edward Gorniak.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | FEB 0 9 2004 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | \\ | |
| ✓ | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | 04 FEB -9 PM 1:55 | date mailed notice | | |
| | SCT  courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD GORNIAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 03 C 6710 |
| | ) | (01 CR 29) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
FEB 0 9 2004

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the petition of Edward Gorniak to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the petition is denied.

### BACKGROUND

From about 1985 through 1998, Gorniak was employed by an illegal bookmaking crew as a "clear clerk." In this role he checked betting activity and verified amounts due from betting records that he maintained. He was responsible for finding any math mistakes in the records, correcting those mistakes, and ultimately determining what was owed to bettors if they won or by them if they lost. Gorniak's records allowed others in the operation to determine profits or, alternatively, what they

owed bettors. For performing these functions, Gorniak received $300 a week. On April 16, 1998, Chicago Police Department vice officers and Cook County Sheriff's Police executed a search warrant at Gorniak's residence. During the search they found a quantity of documents relating to the group's operations, a shredder, three mobile phones, betting records identifying more than 85 bettors, and $13,000.

On March 14, 2002, Gorniak pled to the second superseding indictment in the case, which alleged violations of 18 U.S.C. § 1962(d) for racketeering conspiracy and 18 U.S.C. § 1955 for conducting an illegal gambling business. At sentencing the following September, Gorniak was found to have a criminal history category of 1 and an offense level of 16. Neither he nor the government made any motions for departure from the base guideline calculation, and Gorniak was sentenced to 21 months' incarceration, the low end of the resulting guideline range.

Gorniak now contends that he was a minor participant in the criminal activity for which he was convicted. Consequently, he argues, he should have received a two-point reduction in his offense level, bringing the applicable guideline range from 21-27 months down to 15-21 months. Gorniak's petition asserts that his attorney's failure to seek this departure at the time of sentencing constituted ineffective assistance of counsel in violation of the Sixth Amendment.

## LEGAL STANDARD

The legal framework for evaluating a petition under 28 U.S.C. § 2255 is well-established. Relief under a § 2255 claim is limited to situations where a conviction or sentence is based on "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Bischel v. United States, 32 F.3d 259, 263 (7th Cir. 1994) (quoting Borre v. United States, 940 F.2d 215, 217 (7th Cir. 1991)). If the court finds that any of the above errors occurred, then it will vacate and set aside the judgment and discharge, resentence, or retry the prisoner as appropriate. 28 U.S.C. § 2255. When reviewing a § 2255 petition, the district court must review the record and draw all reasonable inferences in favor of the government. Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992). We note that Gorniak has filed his petition *pro se* and thus his petition is entitled to a liberal reading. Blake v. United States, 841 F.2d 203, 205-06 (7th Cir. 1988).

## DISCUSSION

Before addressing the merits of a § 2255 petition, the court must first determine whether it is barred procedurally. Theodorou v. United States, 887 F.2d 1336, 1339 (7th Cir.1989). Even though he did not waive any appellate rights in pleading guilty, Gorniak did not appeal his sentence. Typically, issues not raised in a direct attack on

a sentence or conviction are waived for § 2255 purposes. See Coleman v. United States, 318 F.3d 754, 760 (7th Cir. 2003). However, claims of ineffective assistance do not follow this general rule; in 2003 the Supreme Court held that they "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 123 S. Ct. 1690, 1694 (2003). Thus, Gorniak's failure to appeal does not preclude our consideration of his petition.

Gorniak has framed his petition as a claim of ineffective assistance of counsel. Assistance of counsel is presumed to be effective and thus a party bears a "heavy burden" in establishing ineffective assistance. United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995). To establish that counsel provided ineffective assistance, a petitioner must demonstrate: (1) cause, i.e., his attorney's performance was deficient; and (2) the deficient representation prejudiced the case to such an extent that the outcome is unreliable or fundamentally unfair. Barker v. United States, 7 F.3d 629, 633 (7th Cir. 1993). The first prong is satisfied by a showing that counsel's performance fell below the "objective standard of reasonableness" guaranteed under the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the second prong, a petitioner must show that because of counsel's errors, the outcome of the trial or sentencing was fundamentally unreliable or unfair. Id. The

analysis set forth in Strickland applies at the sentencing phase of the proceedings. Coleman, 318 F.3d at 760.

**Cause**

The specific aspect of the case with which Gorniak takes issue was his attorney's decision not to argue that Gorniak was a minor participant in the crime of which he was convicted, allowing a two-point reduction from his baseline offense level. Reasonableness in an ineffective assistance of counsel claim is measured under the standard of prevailing professional norms. Strickland, 466 U.S. at 688. A reviewing court must evaluate reasonableness from the perspective of counsel at the time of the allegedly deficient performance, and not with the benefit of hindsight. Id. at 689; United States v. Ashimi, 932 F.2d 643, 648 (7th Cir. 1991). There is a high burden for the petitioner to meet in an ineffective assistance of counsel claim due to the "presumption that an attorney's conduct is reasonably proficient." Galbraith v. U.S., 313 F.3d 1001, 1008 (7th Cir. 2002).

As is discussed in further detail below, the undisputed facts of this case do not support the viability of an argument that Gorniak was "less culpable than most other participants" in the bookmaking operation. Yet this is the standard set forth in Application Note 5 of U.S.S.G. § 3B1.2. It was entirely reasonable for Gorniak's attorney, faced with this situation at the time of sentencing, to conclude that a motion

for a minor role adjustment was destined to be unsuccessful. We cannot view as unreasonable the failure to raise a losing argument. See Rodriguez v. United States 286 F.3d 972, 985 (7th Cir. 2002); United States v. Nolan, 910 F.2d 1553, 1564 (7th Cir. 1990).[1] Consequently, the performance of Gorniak's counsel meets the objective standard of reasonableness required by Strickland.

**Prejudice**

Even if he were able to demonstrate that his attorney acted unreasonably, Gorniak cannot show that the failure to move for a minor role reduction so prejudiced him that the outcome embodied in his final sentence is unreliable or fundamentally unfair. There is no support in the record that, if such a motion was made, it would have been granted.

---

[1] Gorniak alleges that his attorney verbally promised that he would raise the issue of minor participation and unreasonably did not. Gorniak offers no proof of any promises made. A § 2255 motion claiming ineffective assistance of counsel typically requires the submission of evidence that will allow the court to determine whether an evidentiary hearing or the modification of the sentence is proper. Galbraith, 313 F.3d at 1009. In Galbraith, the appellate court held that the district court had not erred in denying a § 2255 motion alleging ineffective assistance of counsel in the face of complete absence of evidence supporting the allegation. Id. The appellant "presented no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support [his] claim." Id. Similarly, Gorniak has produced no such evidence in support of his claims.

"The defendant bears the burden of proof to establish his reduced culpability [under U.S.S.G. § 3B1.2]." U.S. v. Miller, 159 F.3d 1106, 1111 (7th Cir. 1998). Thus, to obtain the two-point reduction, Gorniak would have to prove that he was less culpable than most other participants within the scheme, rather than the integral player that this court agreed he was at sentencing. (Sept. 16, 2002 Tr., at 6, lines 1-5.) Gorniak operates under the assumption that because he was not continuously involved in the Paloian crew for the entire 13-year period alleged in the indictment, he cannot be considered an integral part of the operation. This formulation misses the point. "The real focus must be the nature of the defendant's activities and his role in the overall criminal scheme." U.S. v. Jackson, 95 F.3d 500, 510 (7th Cir. 1996). It is beyond peradventure that a gambling operation cannot function without someone or several people monitoring the financial aspects of the enterprise. In crimes involving intricate finances, such as bookmaking and money laundering, the bookkeeper plays an integral and crucial role in allowing the operation to accomplish its illegal goals. See U.S. v. Neeley, 189 F.3d 670, 684-85 (7th Cir. 1999); U.S. v. Jarrett, 133 F.3d 519, 535 (7th Cir. 1998). That is the purpose Gorniak served, and that is what made his role an integral one.[2]

---

[2] Moreover, the application of § 3B1.2 does not turn on how easily the defendant could have been replaced in the operation. U.S. v. Burnett, 66 F.3d 137, 149 (continued...)

Gorniak admits that he was involved in the bookmaking enterprise for a period of 10 years. He also admits maintaining records reflecting the nature and extent of the betting at the various locations. This admission is in line with statements Gorniak made at both his plea hearing and his sentencing. (Mar. 14, 2002, Tr. at 35, lines 9-16; Id. at 38, lines 18-20, Id. at 39, lines 13-14; Sept. 16, 2002, Tr. at 3, line 25; Id. at 4, lines 1-5, 8-10.) In short, the facts of this case indicate that Gorniak was regularly involved in the underlying enterprise for a substantial period of time, and that he was aware of the nature and extent of the operation. These are not the indicia of a candidate for a minor participant reduction.

Gorniak also argues that co-defendant Steve Jasinski, who procured participants in the gambling ring and received a two-level role reduction, was more integral to the operation than he, a mere accounting clerk. Gorniak's reliance on Jasinski's sentence is misplaced. "Though comparative roles are important to determining whether to grant an offense level reduction, they are not determinative." U.S. v. Miller, 159 F.3d 1106, 1111 (7th Cir. 1998). See also U.S. v. Kerr, 13 F.3d 203, 206 (7th Cir. 1993). In addition, the government and Jasinski agreed as part of his plea agreement that he

---

[2] (...continued)
(7th Cir. 1995). Our inquiry is directed not to whether Gorniak himself was integral to the operation, but whether it was integral to the operation's success to have a person operating in the role he chose to fill.

was a minor participant, entitling him to a two-point reduction. (Mar. 14, 2002, Tr. at 9, lines 2-4.) There was no such agreement with regard to Gorniak, who pled to the indictment. (Id. at 4, lines 17-22.) The government's evidence indicated that Jasinski was involved for three years, Gorniak for the better part of 13. Also, as discussed above, Gorniak's characterization vastly understates his role in the operation. Thus, for comparison purposes, Gorniak and Jasinski are apples and oranges from either a procedural or a factual standpoint.

In sum, Gorniak has not established either cause or prejudice. Consequently, his claim of ineffective assistance of counsel must fail, and no relief is warranted under 28 U.S.C. § 2255.

## CONCLUSION

Gorniak's petition for relief pursuant to 28 U.S.C. § 2255 is denied.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: FEB - 6 2004